UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

CRIMINAL ACTION NO. 2:13-cr-8-ART-12

UNITED STATES OF AMERICA,                                    PLAINTIFF,

v.                        **MAGISTRATE JUDGE'S REPORT
                            AND RECOMMENDATION**

DEBORAH HELTON,                                              DEFENDANT.

*** *** *** ***

On February 11, 2016, Defendant Deborah Helton filed a *pro se* Motion to Vacate, Set Aside, or Correct her Sentence pursuant to 28 U.S.C. § 2255. [R. 1496]. As grounds for her motion, Helton argues that due to her counsel's ineffective assistance, she was placed in the wrong criminal history category, and therefore received a higher sentence than was justified. Specifically, she alleges that her attorney failed to investigate facts that would have resulted in her being placed in a criminal history category of I, and was incorrectly categorized as having a criminal history category of II. However, the Court, having reviewed the record, finds that Helton was placed in the correct criminal history category and her claim is without merit. Therefore, for the reasons that follow, the Court will recommend that her motion to vacate be denied.

FACTUAL AND PROCEDURAL BACKGROUND

Deborah Helton pled guilty to one count of Conspiracy to Distribute Oxycodone, in violation of 18 U.S.C. § 846, and one count of Conspiracy to Launder Money, in violation of 18 U.S.C. § 1956(h). [R. 790]. Her plea agreement set forth the life of the conspiracy, stating that the Conspiracy to Distribute Oxycodone began in January 2010 and continued into February 2013. [R. 791 at 2-3]. At sentencing, she was given one criminal history point due to a 2009 state

court conviction for menacing, and two additional points for committing the offense of Conspiracy to Distribute Oxycodone while on probation in state court for the menacing offense. See U.S.S.G. § 4A1.1(d). On this basis, she was found to have a criminal history category of II.

She now argues that her attorney was ineffective for failing to show at sentencing that her state court probation imposed as a result of the menacing offense actually ended *before* she engaged in the instant conspiracy offense – making her ineligible for the two-point increase she was given – and that her counsel ignored her urgings to investigate this discrepancy. [R. 1496 at 4-5].

## LEGAL STANDARD

Generally, a prisoner-defendant has a statutory right to collaterally attack her conviction or sentence. Watson v. United States, 165 F.3d 486, 488 (6th Cir. 1999). But, under Rule 4(b) of the Rules Governing Section 2255 Proceedings, the Court must initially examine the § 2255 motion, along with any attached exhibits and the record, and "[i]f it plainly appears . . . that the party is not entitled to relief," the Court must dismiss the motion. Rules Governing Section 2255 Proceedings 4(b). To succeed in a 28 U.S.C. § 2255 claim, a prisoner-defendant must show that, *inter alia*, "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b). Specifically, to prevail on an ineffective assistance of counsel claim, a defendant must prove both deficient performance and prejudice. Strickland v. Washington, 466 U.S. 668, 687 (1984). However, an ineffective assistance of counsel argument cannot succeed without a factual basis for the claim. See, e.g., Spencer v. United States, 43 F.3d 1472 (6th Cir. 1994); United States v. Stiles, 103 F.3d 125 (5th Cir. 1996).

ANALYSIS

Here, Defendant's only ground for relief in the motion asserts that she was denied effective assistance of counsel because her attorney failed to investigate facts that "would have placed [her] in a Category I" criminal history, and therefore she was incorrectly categorized as a Category II offender. [R. 1496 at 4]. Defendant's Category II classification was based upon a criminal history score of three: one point represents Defendant's state court conviction for menacing, and two points were added for committing the instant offense of Conspiracy to Distribute Oxycodone while on probation in state court for the menacing offense. See U.S.S.G. § 4A1.1(d). Defendant asserts that, "The facts are that my [state court] probation ended in April of 2010. My conspiracy [to distribute Oxycodone and launder money in the instant case] started in May of 2010 after I was off probation." [R. 1496 at 4]. She further asserts that she "brought these concerns to [her] counsel's attention more than once" but that they "were not looked into." [Id. at 5]. However, Defendant is not entitled to relief because her newly-asserted facts are clearly contradicted by the record and, accordingly, "cannot be accepted as true." Arredondo, 178 F. 3d 778, 782 (6th Cir. 1999).

Defendant previously admitted that the conspiracy to distribute Oxycodone took place "[d]uring a period of time between January 1, 2010 and February 21, 2013"— meaning that, even if her state court probation "ended in April," 2010 as she now claims, Defendant committed the offense at issue while on probation. [R. 791 at 2]. These facts were further confirmed by her during the colloquy at her rearraignment hearing, where she affirmed the life of the Conspiracy to Distribute Oxycodone extended from January 1, 2010 to February 21, 2013, as set out in her plea agreement. [Rearraignment Tr. 43]. Given this record, Defendant's § 2255 claim has no

factual basis and her criminal history Category II is likewise accurate. <u>See</u> <u>Stiles</u>, 103 F.3d at 125. Therefore, her motion to vacate should be denied.

CONCLUSION

Accordingly, the undersigned **RECOMMENDS** that Defendant's Motion to Vacate, Set Aside, or Correct Sentence [R. 1496] be **DENIED** because it plainly appears from the facts in the record that Defendant is not entitled to relief. <u>See</u> Section 2255 Proceedings, Rule 4(b).

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. <u>United States v. Campbell</u>, 261 F.3d 628, 632 (6th Cir. 2001). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. <u>Cowherd v. Million</u>, 380 F.3d 909, 912 (6th Cir. 2004). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed March 22, 2016.

Signed By:
Edward B. Atkins  EBA
United States Magistrate Judge